IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| Deborah Luschkowski, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | NO. __2:19-cv-149_____ |
| v. | : | |
| | : | |
| Walmart Stores East, LP, | : | JURY TRIAL DEMANDED |
| Defendant. | : | |
| | : | |

## COMPLAINT

Deborah Luschkowski ("Plaintiff") brings this lawsuit against Walmart Stores East, LP,

("Walmart"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29

U.S.C. §§ 201, et seq., and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§

333.101, et seq.[1]

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff resides in or has resided in the Commonwealth of Pennsylvania (Beaver

---

[1] Plaintiff previously opted-in to an FLSA collective action pending in the United States District Court for the Western District of Pennsylvania and styled Swank v. Wal-Mart Stores, Inc. (identified as Walmart Stores East, LP, by Defendant), 2:13-cv-01185-MRH.  On June 5, 2018, the Swank Court denied Plaintiffs' Motion to "conditionally certify" the FLSA collective or certify a class under Rule 23(b).  See Swank v. Wal-Mart Stores, Inc., 2018 U.S. Dist. LEXIS 94113 (June 5, 2018).  On September 18, 2018, the Swank Court entered an order clarifying that the legal claims of Plaintiff and other Swank opt-ins, and the putative Rule 23 class members, were dismissed without prejudice to their pursuit of individual lawsuits and that the running of the statute of limitations against their claims was tolled through September 18, 2018 (ECF No. 282).

County) at all times relevant to this lawsuit.

5.    Walmart is a corporation headquartered in Bentonville, Arkansas.

6.    Walmart has employed individuals who, like Plaintiff, are engaged in interstate

commerce or in the production of goods for interstate commerce or engaged in handling,

receiving, selling, or otherwise working on goods or materials that have been moved in or

produced for interstate commerce.

## FACTS

7.    Walmart owns and operates retail stores located through the eastern United States.

One of these stores is located in Monaca, PA (Beaver County) and will be referred to below as

"the Store."

8.    Walmart employed Plaintiff as an Assistant Store Manager at the Store form

approximately February 2006 until approximately December 2015 ("the relevant period").

9.    As an Assistant Store Manager, Plaintiff was directly supervised on a continual

basis by the store's senior managers, specifically co-managers and/or the store manager.

10.    As an Assistant Manager, Plaintiff was required to follow detailed store and

corporate policies and directives that dictated virtually every aspect of her day-to-day work that,

in turn, precluded her from exercising discretion and independent judgment with respect to

traditional managerial duties or with respect to matters of significance.

11.    As an Assistant Store Manager, Plaintiff spent the vast majority of her work time

engaged in manual labor and other non-managerial activities such as unloading trucks, stocking

shelves, taking inventory, cleaning floors, assisting customers and operating the cash register.

12.    The manual labor and other non-managerial activities described in the above

paragraph represented the principal and most important aspects of Plaintiff's job.

13.     Indeed, Plaintiff would have been disciplined and, eventually, terminated if she failed to dedicate her time to performing these activities.

14.     Walmart ostensibly paid Plaintiff a "salary" that ranged from approximately $45,000 per year to $48,000 per year during the relevant period.

15.     This "salary" was not guaranteed.

16.     Plaintiff worked more than 40 hours per week in most if not all of the workweeks during the relevant period.

17.     Plaintiff estimates that she worked approximately 55 to 65 hours most workweeks and that she worked in excess of 65 hours in workweeks during certain times of the year (Christmas season and inventory).

18.     Walmart did not maintain accurate records of time worked by Plaintiff.

19.     Because Walmart deemed Plaintiff to be "exempt" from the FLSA and PMWA's overtime pay mandates, it did not pay Plaintiff any overtime premium compensation for hours worked over 40 per week.

20.     Walmart's classification of Plaintiff as overtime-exempt was not based on any analysis or assessment of Plaintiff's *actual* work duties/activities.

21.     Plaintiff was non-exempt within the meaning of the FLSA and PMWA during the relevant period.

## COUNT I
### (Alleging Violations of the FLSA)

22.     All previous paragraphs are incorporated as though fully set forth herein.

23.     The FLSA entitles Plaintiff to overtime premium compensation equaling 150% of Plaintiff's regular pay rate for every hour worked over 40 per week.  See 29 U.S.C. § 207(a)(1).

24.     Walmart violated the FLSA by failing to pay Plaintiff overtime premium

compensation.

25.     In violating the FLSA, Walmart acted willfully and with reckless disregard of the

FLSA.

**COUNT II**
**(Alleging Violations of the PMWA)**

26.     All previous paragraphs are incorporated as though fully set forth herein.

27.     The PMWA entitles Plaintiff to overtime premium pay equaling 150% of

Plaintiff's regular pay rate for every hour worked over 40 per week.  See 43 P.S. § 333.104(c).

28.     Walmart violated the PMWA by failing to pay Plaintiff overtime premium

compensation.

**PRAYER FOR RELIEF**

Plaintiff seeks unpaid overtime wages, liquidated damages, prejudgment interest,

attorney's fees, litigation costs and expenses, and such other and further relief as this Court

deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiff demands a jury trial.

 Date:  February 9, 2019                                     Respectfully,


                                                            /s/Joseph H. Chivers
                                                            Joseph H. Chivers (PA ID No. 39184)
                                                            The Employment Rights Group, LLC
                                                            100 First Avenue, Suite 650
                                                            Pittsburgh, PA  15222
                                                            (412) 227-0763
                                                            jchivers@employmentrightsgroup.com

                                                            /s/John R. Linkosky
                                                            John R. Linkosky (PA ID No. 66011)
                                                            715 Washington Avenue
                                                            Carnegie, PA  15106-4107

4

(412) 278-1280
linklaw@comcast.net

*Counsel for Plaintiff*